Watts, J.

---

## GIBSON ET AL. VS. M. B. TEMPLETON.

### IN SUPREME COURT, TYLER TERM, 1884.

*Constitutional Law—Jurisdiction.*—The legislature cannot confer upon the district court a jurisdiction not granted by the constitution, nor authorize such court to take cognizance of any proceeding, not a suit, plea or complaint contemplated by the constitution.

*Election Contest.*—A proceeding to contest the result of an election under the

local option law is not a suit, plea or complaint within the meaning of the consti-
tution, and the district court has no jurisdiction of such proceeding.

Appeal from Ellis county.

This proceeding was brought under title xxxiv. R. S., to contest
and set aside an election held for the purpose of determining
whether or not the sale of intoxicating liquors should be prohibited
in Ellis county. The county attorney of Ellis county was made con-
testee, and upon a plea filed by him to the jurisdiction of the court,
the proceeding was dismissed.

The appeal taken from this decision questions the correctness of
the ruling of the district judge refusing to take jurisdiction of such
a contest, It further questions his right to dismiss the proceeding
when the equity powers of the court were invoked to prevent a wrong
about to be committed in prohibiting the sale of intoxicating liquors
as a result of the election, and in prosecuting the contestants, should
they continue to sell notwithstanding the illegal prohibition.

In declining to take jurisdiction of the proceeding the district
judge has followed the previous decisions of this court upon kindred
subjects. His opin,on filed in the case is clear and and conclusive,
and it will be necessary for us to add but little to his argument, but
merely to restate some of the reasons upon which his decision is
founded. The opinion of this court rendered previous to that in ex
parte Whitlow (59 Tex., 273) established clearly the following prin-
ciples :

1. A district judge has, under our constitution, no jurisdiction of
any civil proceeding which is not a suit, complaint or plea, wherein
the matter in controversy is valued at or amounts to $500, exclusive
of interest, (ex parte Towles, 48 Tex., 413; Williamson vs. Lane, 52
Tex., 344,) except it be a proceeding coming under its general power
to issue injunction mandamus, certiorari and writs necessary to en-
force its jurisdiction. (County of Anderson vs. Kennedy, 58 Tex.,
616.)

2. The legislature has no power to confer upon the district court
a jurisdiction not granted by the constitution, hence it cannot author-
ize it to take cognizance of any proceeding, not a suit, complaint or
plea of the character above described. (Same authority.)

3. That a proceeding to contest an election is not a suit, com-
plaint or plea within the meaning of the constitution. That there

is a difference between the contest of an election and a suit for an office, the latter being a suit within the letter and meaning of the constitution; the former involving a political or rather extra-judicial question, to be regulated under the consttiution by the political authority of the state. (Same authorities; also Wright vs. Fawcett, 42 Tex., 203; Rogers vs. Johns, idem 339.)

The logical deduction from these settled principles is, that under the constitution of 1876, the district court can not entertain jurisdiction of a proceeding the object [of which is merely to contest an election, and which is not a suit between claimants to an office for the recovery of the office itself.

In Williamson vs. Lane those principles were applied to a contest for county judge, and it was held that the declared result of an election by the officer intrusted with the duty of making the declaration, and the consequent right to the certificate of election, could not be contested in this manner in the district court.

In ex parte Towles they were applied to a contest about the location of a county seat, and it was held that it did not have the elements of a suit between parties of which the district court had jurisdiction either original or appellate. It is true that to the proposition that the legislature can not confer upon the district court a jurisdiction not granted by the constitution Mr. Justice Gould dissented, and in the susequent case of Fort Worth vs. Davis, (57 Texas, 236) announced it as an open question, notwithstanding the decisions in ex parte Towles and Williamson vs. Lane.

But in the subsequent case of ex parte Whitlow, (59 Texas, 273) the same question again came under consideration, and was decided in accordance with the views of a majority of the court as above stated. It was then said that "it must be presumed that the constitution conferred upon such court created by it, all the jurisdiction which it may have intended it should exercise, and that the legislature has no power to add to or withdraw therefrom, except as such power is expressly conferred by the· constitution upon the legislature in section 22, article v."

There is no such difference between the provisions of our Revised Statutes and those of the acts under which the foregoing cases were decided as excludes the present case from coming within the scope of those dicisions. Revised statutes provide that the county attorney may be made party contestee, but he is a mere nominal party.

The statute did not contemplate that relief would be sought against him.

In this case, however, it is asked to enjoin him from prosecuting the contestants criminally, if they sold liquors, notwithstanding the prohibition brought about by an illegal election. This relief, of course, the court could not grant under any circumstances. Although the county attorney was made a party, the court was at last called on to decide an extra judicial question relating merely to the convenience and morals of the residents of Ellis county. This was not a proper subject of controversy between the contestants and the county attorney. By providing a nominal party contestee, the legislature cannot make that a suit which lacks the important element of a subject matter such as may be litigated between parties.

To the case of Williamson vs. Lane there were parties contestant and contestee. The subject matter was an election which, if legal in every respect, elected the appellant to a valuable office, but if the ballot box objected to was thrown out, the contestee was entitled to the office. Both parties had a direct interest in the subject matter of controversy, yet the court held it not a suit, because it was not brought to recover an office withheld by the defendant from the plaintiff. Much stronger should the reasoning of the court apply to the present case, which, with the exception of parties, has no characteristic of a suit either at law or in equity, and between these parties there is no controversy in which one seeks a judgment or relief against the other.

Nor does the statute make the district judge a special tribunal for the trial of the contest. While the proceeding may be commenced before him, it is to be tried in the district court in term time, in the same manner as other causes, except that there can be no jury nor continuance allowed in the cause. (Art. 1728, 1752.)

If the constitution prohibits the district court from taking cognizance of the proceeding, it can not be selected as a special tribunal to which they may be submitted. This would be to do indirectly what the constitution forbids to be done directly. If allowed it would open the door to confer jurisdiction upon the district court in cases withheld from it by the constitution—a jurisdiction unlimited except by the will of the legislature.

Even admitting that the district judge is the special tribunal ap-

pointed by the law to decide such contests, no appeal from the decision could be had to this court, as its appellate jurisdiction extends to such cases only as are within the original or appellate jurisdiction of the district courts. It does not extend to such decisions of the judge as are made when not acting in the capacity of presiding officer of a court whose judgments are subject to the review of the supreme court.

The contestants were not entitled to the injunction asked in their petition. They could not, as we have seen, have the county attorney enjoined from instituting a criminal action against them. They could not certainly in a proceding against him alone have the county commissioners and others enjoined from enforcing the result of the election.

The statute names the county attorney as a proper party to be made contestee, but did not thereby authorize an injunction to be granted against other persons without making them parties. It left that subject to be regulated as in other cases. The prayer for injuction is closely connected with the main object of the proceeding, viz., the setting aside of an election. That being illegal, the injunction necessarily fell with it. If claimed as a proceeding in chambers to obtain an injuction under the title li, Revised Statutes, then the refusal to grant it in chambers did not admit of an appeal to this court. -

We are of the opinion that this court has no jurisdiction of the present appeal, and it is therefore dismissed.

Willie, C. J.